**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN SCORPIO CORP., an Arizona corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STEEL HORSE BAR & GRILL, et al.,<br><br>　　　　Defendants. | No. CV08-01781-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendant Steel Horse Bar & Grill. (Dkt. # 25.) For the reasons set forth below, the Court severs Defendant Steel Horse Bar & Grill from the current action pursuant to Federal Rule of Civil Procedure 21 and grants its motion to dismiss.

## BACKGROUND[1]

Plaintiff Golden Scorpio is an Arizona corporation that operates a restaurant and bar under the name STEEL HORSE. Since 1997, Plaintiff has used STEEL HORSE as a common law trademark in relation to its restaurant and bar services. On October 19, 2004, the United States Patent and Trademark Office registered the "STEEL HORSE with design"

---

[1] The Background facts are derived from Plaintiff's Verified Complaint (Dkt. # 1), and will be taken as true for purposes of this motion.

trademark to Plaintiff for restaurant services. Defendant Steel Horse Bar & Grill is a restaurant with its place of business in Tigard, Oregon. Plaintiff alleges that Defendant "has its business advertised on the internet at http://maps.google.com, under the name Steel Horse Bar & Grill," and that the advertising is available to internet users in Arizona. (Dkt. # 1 ¶ 9.) Outside of this allegation, Plaintiff alleges no other contacts, activities, or sales conducted by Defendant Steel Horse Bar & Grill in Arizona.

On September 29, 2008, Plaintiff sued Defendant Steel Horse Bar & Grill along with twelve other business entities spread across the United States, alleging federal and common law trademark infringement, unfair competition, and trademark dilution. (*See* Dkt. # 1.) On November 28, 2008, Defendant Steel Horse Bar & Grill filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), asserting improper venue. (Dkt. # 25.) The Court issued Plaintiff an order to show cause why the Court should not sever and dismiss Defendant Steel Horse Bar & Grill from the current action. (Dkt. # 51.) On January 16, 2009, Plaintiff filed a response arguing against severance and dismissal. (Dkt. # 54.)

**DISCUSSION**

**I.       Federal Rules of Civil Procedure 20 and 21 – Improper Joinder and Severance**

Federal Rule of Civil Procedure 20 provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the matter." Here, Plaintiff has joined thirteen unrelated business entities located in thirteen different states in the same action. The trademark and unfair competition claims alleged against each defendant are predicated upon allegations that each defendant independently violated Plaintiff's trademark rights by using variations of the mark STEEL HORSE. (Dkt. # 1.)

In the Order to Show Cause issued to Plaintiff, the Court queried whether Plaintiff's joinder of all thirteen defendants in the present action may violate Federal Rule of Civil Procedure 20(a)(2)(A) because the first requirement of permissive joinder – "arising out of

1 the same transaction, occurrence, or series of transactions or occurrences" – may not be
2 satisfied. (*See* Dkt. # 51 at 2 ("The claims asserted against each defendant appear to arise
3 independently from each of the defendants' alleged improper use of Plaintiff's trademark
4 rights.").) In response, Plaintiff focused its arguments on whether the second requirement
5 of permissive joinder is satisfied. (*See* Dkt. # 54 at 3-7.) The Court agrees that there are
6 common questions of law and fact because all defendants are alleged to have infringed the
7 same trademarks.

8        Plaintiff, however, appears to assert that because there are common questions of law
9 or fact, the claims against each defendant must also arise from the same transaction or
10 occurrence. (*See* Dkt. # 54 at 4-5.) Plaintiff argues that the conclusion that the "same
11 transaction or occurrence" requirement is not satisfied "is an illusion because any defendant
12 making the correct argument that invalidates Plaintiff's trademark rights, or that it does not
13 infringe Plaintiff's trademark rights makes it easier for . . . all the other defendants in order
14 to vitiate Plaintiff's claims." (*Id.* at 6.) While the Court agrees that Plaintiff's reasoning
15 satisfies the "common question of law or fact" requirement, Plaintiff has failed to explain
16 how the reasoning is sufficient to satisfy the requirement that the claims alleged against each
17 defendant "aris[e] out of the same transaction, occurrence, or series of occurrences." Fed.
18 R. Civ. P. 20(a). A finding of a common question of law or fact does not necessarily mean
19 that the claims against the various defendants arise from a common transaction or occurrence.
20 Just because each, some, or all of the defendants could mount various legal and factual
21 challenges to Plaintiff's trademark rights does not change the nature of the transactions or
22 occurrences which gave rise to the claims against the various defendants.

23        The authority from other courts provides that allegations against multiple and
24 unrelated defendants for acts of patent, trademark, and copyright infringement do not support
25 joinder under Rule 20(a). *See, e.g.*, *Colt Def. LLC v. Heckler & Koch Def., Inc.*, No.
26 2:04cv258, 2004 U.S. Dist. LEXIS 28690, at *76 (E.D. Va. Oct. 22, 2004) (holding that
27 claims did not arise from the same transaction or occurrence where separate defendants had
28 each independently infringed the same trademark); *SB Designs v. Reebok Int'l, Ltd.*, 305 F.

- 3 -

Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that the joinder of three manufacturers in a patent infringement suit was improper because the claims did not arise from a common transaction or occurrence when the manufacturers were separate companies that independently designed, manufactured, and sold different products); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, 21 U.S.P.Q.2d 2033, 2034-35 (D.N.J. 1991) (holding in a patent infringement suit that "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant"); *Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Magnavox Co. v. APF Elecs., Inc.*, 496 F. Supp. 29, 34 (N.D. Ill. 1980) (holding that joinder was improper in a patent infringement suit where "the complaint . . . [was] devoid of allegations concerning any connection between" the items sold by one defendant retailer and those sold by another defendant). Here, the claims alleged against Defendant Steel Horse Bar & Grill are premised upon its own independent acts of infringement, unfair competition, and dilution that are separate and distinct from the allegedly improper acts of any of the other defendants. Therefore, joinder was improper under Rule 20(a).

Federal Rule of Civil Procedure 21 addresses misjoinder of parties and allows the Court "on its own" to sever an action to address improper joinder. *See* 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1657, at 428 (2d ed. 1990) ("More commonly, Rule 21 has been invoked to sever parties improperly joined under Rule 20."). Courts have broad discretion to sever under Rule 21. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 3, 2006); 7 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1689, at 516 (2d ed. 1990) ("Severance under Rule 21 also occasionally is appropriate in actions in which venue is improper as to some but not all

- 4 -

1  defendants. If the claims are separable, the court may cure the venue defect by severing the
2  claims against those parties who raise valid venue defenses."). Therefore, pursuant to Rule
3  21, Defendant Steel Horse Bar & Grill is severed from this action.

## II.  Motion to Dismiss for Improper Venue[2]

"Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)); *see also Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When deciding a challenge to venue, the pleadings need not be accepted as true, and the district court may consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2003).

Plaintiff argues that venue is appropriate in this district under 28 U.S.C. § 1391(b)(2). (Dkt. # 54 at 7.) Venue is proper under that section in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."[3] 28 U.S.C. §1391(b)(2). In a trademark suit brought under the Lanham Act, a "substantial part" of the events giving

---

[2] Plaintiff moves to strike the motion to dismiss of Defendant Steel Horse Bar & Grill for failure to serve Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 5. (Dkt. # 26 at 3.) However, Local Rule 7.2(m) limits when parties may file motions to strike:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(C), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Here, Plaintiff's motion to strike does not appear to be consistent with Local Rule 7.2(m). Additionally, while Defendant Steel Horse Bar & Grill may not have served its motion on Plaintiff's counsel, it is clear that Plaintiff's counsel did timely receive the motion as he responded to it in less than one week. Plaintiff's motion to strike is therefore denied.

[3] Because the Lanham Act has no special venue provision, the general venue statue applies. *See Woodke v. Dahm*, 70 F.3d 983, 983 (8th Cir. 1995).

- 5 -

rise to the claims occur in any district where consumers are likely to be confused by the accused goods, "whether that occurs solely in one district or in many." *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994); *see also Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) ("The place where the alleged passing off occurred . . . provides an obvious correct venue."); *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956) ("[I]n cases involving trademark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's.").

In the Complaint, Plaintiff alleges only that Defendant "has its business advertised on the internet at http://maps.google.com, under the name Steel Horse Bar & Grill," and that this advertising is available to internet users in Arizona.  (Dkt. # 1 ¶ 9.)  The Google advertisement provides only the name, address (with a map), and phone number of Defendant Steel Horse Bar & Grill.   Based on these allegations, Plaintiff fails to show that any of the events or actions giving rise to the claims in this case occurred in Arizona.[4]  *Compare Tel.*

---

[4]While economic harm is a necessary element of each of the trademark claims, it is not a sufficient basis for conferring venue. The Eighth Circuit has held that suit in the district of the trademark owner's place of business or residence cannot justify a finding of proper venue only because that is the place where the "injured" trademark owner is located:

> We think it far more likely that by referring to "events or omissions giving rise to the claim," Congress meant to require courts to focus on relevant activities of the defendant, not the plaintiff. . . . [W]hile damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly.

*Woodke*, 70 F.3d at 985. A contrary holding would result in venue being proper at the place of a plaintiff's residence or place of business in nearly all business tort cases solely because economic harm is suffered there – a holding that Congress seemingly rejected in its 1990 amendments to § 1391. *See* Judicial Improvements Act of 1990, Pub. L. No. 101-650, 104

1  *Audio Prods. v. Smith*, No. Civ.A.3:97-CV-0863-P, 1998 WL 159932, at *4 (N.D. Tex. Mar.
2  25, 1998) (finding venue proper where the defendants' website not only allegedly displayed
3  trademarked materials, but the defendants also solicited dealers and distributors in the
4  district, attended a trade show in the district, and sold products with the mark in the district),
5  *and Int'l Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 557 (N.D. Tex. 2003)
6  (finding venue proper where the defendants operated a website with allegedly infringing
7  marks, but also attended trade shows in the district and displayed the mark at the trade shows,
8  sent unsolicited promotional materials with the trademark to a school in the district, sold a
9  product that displayed the mark in the district, and called to solicit customers in the district
10 using the mark), *with Shari's Berries Int'l, Inc. v. Mansonhing*, No. 02:06-cv-0768-GEB-
11 GGH, 2006 WL2382263, at *2 (E.D. Cal. Aug. 17, 2006) (finding venue improper where the
12 defendant operated a "passive" website containing a toll-free number and an e-mail address
13 that did not allow customers to place online orders or engage in transactions with the
14 defendant), *Dakota Beef L.L.C. v. Rigors*, 445 F. Supp. 2d 917, 920-21 (N.D. Ill. 2006)
15 (finding venue improper where the defendant operated a website equipped to take orders and
16 which advertised products with allegedly infringing marks because "only two orders were
17 received, none were filled, and none were shipped to the district"), *and Jamba Juice Co. v.*
18 *Jamba Group, Inc.*, No. C-01-4846 VRW, 2002 WL 1034040, at * 2 (N.D. Cal. 2002)
19 (finding venue improper in a trademark infringement action where the only allegation was
20 that the defendant operated a website that was accessible in the district, which was the
21 plaintiff's principle place of business, because to find venue proper would "be to adopt a rule
22 that would subject any corporation with a website to venue in the district in which plaintiff
23 does business . . . [a rule] that would dramatically alter the present venue statute"). Like
24 *Shari's Berries*, *Dakota Beef*, and *Jamba Juice*, there is no basis for venue under §
25 1391(b)(2) in this case because Plaintiff's only allegation is that Defendant Steel Horse Bar

---

Stat. 5114 (amending diversity portion of statute to remove the plaintiff's residence as an independent basis for venue).

- 7 -

1 & Grill advertises its business using the STEEL HORSE name on Goggle Maps. This 2 allegation, absent something more, is insufficient to make venue proper in Arizona because 3 there is no alleged "passing off" or resulting confusion in Arizona. *Vanity Fair Mills*, 234 4 F.2d at 639.

5 When venue is improper, it is within the trial court's discretion to dismiss the case or 6 transfer it. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case 7 laying venue in the wrong division or district, shall dismiss, or if it be in the interest of 8 justice, transfer such case to any district or division in which it could have been brought."). 9 Because Plaintiff has not advanced any argument on the issue and because the interests of 10 justice do not mandate transfer, the severed case is dismissed without prejudice.

11 **IT IS THEREFORE ORDERED** that Defendant Steel Horse Bar & Grill be severed 12 from the present action pursuant to Federal Rule of Civil Procedure 21.

13 **IT IS FURTHER ORDERED** that Defendant Steel Horse Bar & Grill's Motion to 14 Dismiss(Dkt. # 25) is **GRANTED**.

15 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Dkt. # 26) is 16 **DENIED**.

17 DATED this 23rd day of January, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge

- 8 -