**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN SCORPIO CORP., an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STEEL HORSE SALOON I, et al.,<br><br>　　　　　Defendants. | No. CV-08-1781-PHX-GMS<br><br>**ORDER** |

　　　　Pending before the Court is the Motion for Default Judgment of Plaintiff Golden Scorpio Corp. (Dkt. # 49.) In the motion, Plaintiff requests an entry of judgment against defendants Steel Horse Saloon IV, Steel-Horse.com, Steel Horse Grill and Saloon, and The Steel Horse Saloon II. When considering whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."). "[W]hen a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.* Where there are questions about the existence of personal jurisdiction, however, a court should allow the plaintiff the opportunity to establish that jurisdiction is proper. *Id.* at 713.

**IT IS THEREFORE ORDERED** directing Plaintiff to show cause as to why the Court should not dismiss Defendants Steel Horse Saloon IV, Steel-Horse.com, Steel Horse Grill and Saloon, and The Steel Horse Saloon II from the action for lack of personal jurisdiction. Plaintiff shall file a memorandum and the factual record supporting personal jurisdiction on or before **February 6, 2009**.

DATED this 27th day of January, 2009.

G. Murray Snow
United States District Judge