**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN SCORPIO CORP., an Arizona corporation, | No. CV-08-1781-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| STEEL HORSE SALOON I, et al., | |
| Defendants. | |

Pending before the Court is the Motion for Default Judgment of Plaintiff Golden Scorpio Corp. (Dkt. # 72.) In the motion, Plaintiff requests an entry of judgment against defendant Steel Horse Saloon V. (*See id.*)

Federal Rule of Civil Procedure 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Here, Plaintiff filed suit against Defendant Steel Horse Saloon V on September 29, 2009. While Plaintiff apparently effectuated service of the summons and complaint on Greg Coble on November 6, 2008, this may not constitute proper service of Defendant Steel Horse Saloon V. Federal Rule of Civil Procedure 4(h) states that service is proper on a corporation, partnership, or association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

1  other agent authorized by appointment or by law to receive service of process . . . ." It is not
2  clear that Greg Coble is an officer or agent of Steel Horse Saloon V.  Therefore, if service
3  upon Greg Coble does not constitute proper service upon Defendant Steel Horse Saloon V,
4  Plaintiff has failed to effectuate service within 120 days after the complaint and dismissal
5  may be proper.

6  Additionally, when considering whether to enter a default judgment, a court has "an
7  affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In*
8  *re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can
9  later be successfully attacked as void, a court should determine whether it has the power, i.e.,
10 the jurisdiction, to enter judgment in the first place."); *see also Williams v. Life Sav. & Loan*,
11 802 F.2d 1200, 1203 (10th Cir. 1986) ("In reviewing its personal jurisdiction . . . the court
12 exercises its responsibility to determine that it has the power to enter the default judgment.").
13 "[W]hen a court is considering whether to enter a default judgment, it may dismiss an action
14 *sua sponte* for lack of personal jurisdiction." *In re Tuli*, 172 F.3d at 712.  Where there are
15 questions about the existence of personal jurisdiction, however, a court should allow the
16 plaintiff the opportunity to establish that jurisdiction is proper. *Id.* at 713.

17 Even if Defendant Steel Horse Saloon V was properly served, it is unclear whether
18 this Court would then have personal jurisdiction over Defendant Steel Horse Saloon V.  In
19 the Motion for Default Judgment, Plaintiff appears to contend that the alleged proprietors of
20 Defendant Steel Horse Saloon V, Greg and Debbie Coble, are defendants in this action
21 merely because they are the alleged owners of Defendant Steel Horse Saloon V.
22 Consequently, Plaintiff asserts that general jurisdiction exists over Defendant Steel Horse
23 Saloon V because "Defendant's proprietors . . .  admitted to Plaintiff's personnel to
24 frequently visiting [Arizona] to visit family and property," and because they used to live in
25 Arizona.  (Dkt. # 72 at 9.)  Alternatively, Plaintiff asserts that personal jurisdiction over
26 Defendant Steel Horse Saloon V is proper because Greg Coble was personally served with
27 the Complaint on behalf of Defendant Steel Horse V while physically present in Arizona.
28 (*Id.*)  However, Greg and Debbie Coble are *not* named defendants in this action.

1  While the Court recognizes the physical presence basis for establishing personal
2  jurisdiction, *see Burnham v. Super. Court of Cal.*, 495 U.S. 604, 619 (1990) ("The short of
3  the matter is that jurisdiction based on physical presence alone constitutes due process
4  because it is one of the continuing traditions of our legal system that define the due process
5  standard of 'traditional notions of fair play and substantial justice.'"), it appears that service
6  was effectuated by Plaintiff on a non-party, Greg Coble, rather than on a party who was
7  physically present in Arizona.  Plaintiff presents no argument or legal authority on this point
8  to suggest that the physical presence doctrine is broad enough to permit Arizona courts to
9  exercise personal jurisdiction over a business entity predicated upon service upon one of the
10  business entity's alleged owners while in Arizona.

11  Additionally, Plaintiff appears to assert that general jurisdiction exists over Defendant
12  Steel Horse Saloon V based solely on the Arizona contacts of its alleged owners.  The Court
13  is not satisfied that this is sufficient to grant jurisdiction over Steel Horse Saloon V.
14  Therefore,

15  **IT IS HEREBY ORDERED** that Plaintiff show cause as to why the Court should not
16  dismiss Defendant Steel Horse Saloon V pursuant to Federal Rule of Civil Procedure 4(m)
17  or, alternatively, for lack of personal jurisdiction.

18  **IT IS FURTHER ORDERED** setting the Order to Show Cause/Evidentiary Hearing
19  for **April 2, 2009 at 10:00 a.m.**, before the Honorable G. Murray Snow, 401 W. Washington,
20  Courtroom 602, Phoenix, AZ 85003.  Plaintiff is directed to be prepared to present the
21  evidentiary basis supporting service on and personal jurisdiction over Defendant Steel Horse
22  Saloon V.

23  **IT IS FURTHER ORDERED** that Plaintiff shall file a memorandum with the Court
24  by **April 10, 2009**, providing legal authority supporting: (1) the conclusion that service upon
25  a business entity's owners in a state is sufficient to grant personal jurisdiction over the
26  business entity itself; and (2) the conclusion that a business owner's contacts with a state may
27  be imputed to the business when conducting a general jurisdiction analysis.

28  DATED this 26th day of March, 2009.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*H. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -